UNITED STATES, Appellee

v

JAMES A. ESKRIDGE, Sergeant First Class, U. S. Army, Appellant

8 USCMA 261, 24 CMR 71

No. 9590

Decided September 27, 1957

*First Lieutenant Robert J. Hearon, Jr.*, argued the cause for Appellant, Accused. With him on the brief were *Colonel J. M. Pitzer* and *Major Frank C. Stetson*.

*Captain Thomas J. Nichols* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Thomas J. Newton* and *First Lieutenant Arnold I. Burns*.

### Opinion of the Court

HOMER FERGUSON, Judge:

This is another in a series of cases in which this Court has been called upon to determine whether an accused was denied the effective assistance of counsel by reason of his having been represented at his court-martial by counsel who had previously represented the prosecution's principal witness for substantially the same offenses. Both in United States v Lovett, 7 USCMA 704, 23 CMR 168, and in United States v Thornton, 8 USCMA 57, 23 CMR 281, the Court concluded that the accused had been denied the effective assistance of counsel because of such dual representation. The factual background presented in this case is substantially the same as that found in United States v Lovett, supra, and United States v Thornton, supra. Accordingly, the principles of law and the reasoning found in those cases are equally applicable in the instant case.

In view of the action we take in this case, the accused's petition for new trial is denied. We find it unnecessary to decide the remaining issues raised for they deal exclusively with the sentence imposed by the court-martial.

The decision of the board of review is reversed and the record of trial is returned to The Judge Advocate Gen-

eral of the Army. A rehearing may be ordered.

Chief Judge QUINN concurs.

LATIMER, Judge (dissenting):

I dissent.

We granted review in this case upon four issues, the last three of which have since been determined adversely to the accused by our opinions in United States v Cleckley, 8 USCMA 83, 23 CMR 307; United States v Giles, 8 USCMA 92, 23 CMR 316; and allied cases. My colleagues, however, on the strength of their views in United States v Lovett, 7 USCMA 704, 23 CMR 168, and United States v Thornton, 8 USCMA 57, 23 CMR 281, elect to reverse this conviction because of ineffective assistance of counsel, and with this disposition I am unable to agree.

On this record, I am not willing to brand trial defense counsel with the stigma of improper representation, as there is no factual base to support that charge. My views on that question are spelled out at length in my separate opinions in Lovett, supra, and Thornton, supra, and they need not be stated anew. The only additional point I care to mention is that in this case we have been furnished with a starting point to remove speculation and conjecture. A petition for new trial has been filed, and affidavits and counter-affidavits have been obtained from the accused and trial defense counsel. If considered by the Court as an inadequate base for an informed opinion, they are sufficient to initiate an appropriate way of reaching the truth. Accordingly, I would proceed on accused's petition for new trial, which he has urged as alternative relief, in order that we be able to make an enlightened determination of the contested issue.