UNITED STATES, Appellee

v

CLIFFORD K. MOORE, Staff Sergeant, U. S. Marine Corps, Appellant

9 USCMA 284, 26 CMR 64

*Major R. D. Humphreys,* USMC, was on the brief for Appellant, Accused.

*Lieutenant (jg) John V. L. Ellicott,* USNR, and *Lieutenant Colonel Charles H. Beale, Jr.,* USMC, were on the brief for Appellee, United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused contends that he was denied the effective assistance of counsel because his lawyer previously represented the two principal witnesses for the prosecution. Among other things he alleges that one of the Government witnesses who was a junior drill instructor in his platoon unqualifiedly testified in his own earlier trial that he had never received any money or contribution from the recruits in the platoon. However, at the accused's trial he testified that with the knowledge of the accused, who was the senior drill instructor, he had received "approximately $250.00" as a "gift" from the recruits. He was not confronted with his previous inconsistent testimony during the cross-examination by the accused's counsel.

The Government does not specifically deny the duality of counsel's representation but it argues that this Court cannot take notice of the fact because the records in the other cases are not part of the record here. Each witness brought his case to this Court and, consequently, we can consider those records of trial in connection with the issues in this case. United States v Lovett, 7 USCMA 704, 23 CMR 168. When so considered there is no question but that the accused was prejudiced by his counsel's representation of conflicting interests. United States v Eskridge, 8 USCMA 261, 24 CMR 71; United States v Thornton, 8 USCMA 57, 23 CMR 281.

The decision of the board of review is reversed and the findings of guilty and sentence are set aside. A rehearing may be ordered.

Judge FERGUSON concurs.

LATIMER, Judge (dissenting):

I dissent.

Once again the professional competency of a member of the bar is questioned by judicial notice without allowing the lawyer an opportunity to be heard. Assuming for the purposes of this case that we should take cognizance of the fact that counsel for this accused represented two other co-actors, I have studied the records and fail to understand how we determine this accused was prejudiced because defense counsel did not show a prior inconsistent statement on the part of one witness. My associates merely conclude the matter should have been explored but by way of answer I suggest that we ought to shun away from being critical in that area without full information. It is not beyond the realm of reason to suspect that lurking in the background of that development might be some evidence highly prejudicial to the accused.

Strategy employed at trial is susceptible of more than one interpretation and only the misguided travel in unlighted areas. There is a presumption that defense counsel acted consonant with the best interest of his client which should not be overthrown on mere conjecture and speculation. The interested reader may find my views on this subject developed fully in United States v Lovett, 7 USCMA 704, 23 CMR 168 (separate opinion), and United

States v Thornton, 8 USCMA 57, 23 CMR 281 (separate opinion).

I would affirm the decision of the board of review.