UNITED STATES, Appellee

v

LESTER E. RAY, Private, U. S. Army, Appellant

7 USCMA 378, 22 CMR 168

No. 8312

Decided October 19, 1956

*Major Edwin Doran* and *First Lieutenant Bert M. Gross* were on the brief for Appellant, Accused.

*Lieutenant Colonel Thomas J. Newton* and *First Lieutenant Robert L. Taylor* were on the brief for Appellee, United States.

## Opinion of the Court

PER CURIAM:

Following his trial by general court-martial, the accused was convicted of desertion, in violation of Article of War 58, 10 USC § 1530. He was sentenced to dishonorable discharge, total forfeitures, and confinement for twenty years. The convening authority approved, and directed that the forfeitures should apply to pay and allowances becoming due on and after the date of his action. The board of review affirmed, and we granted review to determine whether the forfeiture provision of the sentence properly could be made to apply to any pay and allowances accrued prior to the date when the sentence adjudging it was promulgated.

It was alleged here that the accused had deserted from the service on April 11, 1951, and remained so absent until apprehended on August 2, 1955. Desertion is not a continuing offense, and is committed on the date when the accused absents himself without authority, intending not to return. Winthrop's Military Law and Precedents, 2d ed, 1920 Reprint, page 255. The Manual for Courts-Martial, U. S. Army, 1949, paragraph 116*g*, page 130, which was in effect at the time when this offense was committed, expressly provided that, "A forfeiture, fine, or detention [of pay] becomes legally effective on the date the sentence adjudging it is promulgated." This provision, when coupled with the requirement that no sentence including an unsuspended punitive discharge or confinement in a penitentiary could be ordered executed until after the completion of appellate review, Article of War 50(*e*), 10 USC § 1521; Manual for Courts-Martial, supra, paragraph 87*b*, page 95, would have operated under the old law to prevent the forfeiture of accused's pay and allowances until after the completion of appellate review. Members of Congress apparently believed that a person who had been sentenced by court-martial, and was in confinement, should not draw full pay for the period between the date of sentence and the date of final approval and changed the law accordingly. Hearings before House Armed Services committee, 81st Congress, 1st Session, on H.R. 2498, page 916. As provided by the Uniform Code, the law presently is that a sentence to forfeitures may be made applicable to pay and allowances becoming due on and after the date the sentence is approved by the convening authority, even though the sentence includes confinement not suspended. Article 57(*a*), Uniform Code of Military Justice, 50 USC § 638. It is patent, therefore, that the codal provision relied on by the convening authority is more onerous than that which was in effect at the time when this offense was committed.

In United States v Downard, 1 USCMA 346, 3 CMR 80, we held that the Uniform Code of Military Justice could not be applied retroactively to offenses committed prior to its effective date so as to increase the punishment meted out for that offense, even though the trial was held under the procedural norms established by the Code. When that holding is applied to this case, it becomes apparent that the convening authority's action, in so far as it attempts to have that portion of the sentence which works a forfeiture ap-

**379**

ply to pay and allowances becoming due prior to the time when the total sentence is executed, is illegal, and must be corrected.

The decision of the board of review is reversed. The record is returned to The Judge Advocate General of the Army for reference to a board of review, which will take corrective action in the light of this opinion.