UNITED STATES, Appellee

v

GEORGE FINNEY, Private, U. S. Army, Appellant

8 USCMA 724, 25 CMR 228

No. 10,800

Decided February 21, 1958

*Major Edward Fenig* and *First Lieutenant Hazen V. Hatch* were on the brief for Appellant, Accused.

*Lieutenant Colonel John G. Lee* was on the brief for Appellee, United States.

## Opinion of the Court

HOMER FERGUSON, Judge:

We granted review in this case to consider two issues. The first concerns the correctness of the law officer's instructions on the question of intent as derived from evidence "of a much prolonged absence for which there is no satisfactory explanation." The second issue relates to the propriety of the convening authority's action in providing for the application of forfeitures on and after the date of such action. Our holding in United States v ▆▆▆ Soccio, 8 USCMA 477, 24 CMR 287, is dispositive of the first issue. For the reasons stated in that opinion, the appellant's conviction of desertion cannot stand.

The remaining issue may be disposed of by reliance on our holding in the case of United States v ▆▆▆ Schuld, 8 USCMA 721, 25 CMR 225, where we held that an accused, who had committed the offense of desertion during World War II, but who was not brought to trial until after the effective date of the Uniform Code of Military Justice, could be made to forfeit all pay and allowances due on and after the date of the convening authority's action. Accordingly, we conclude in the instant case that the convening authority's action in respect to the application of forfeitures was proper.

The decision of the board of review is reversed. The record of trial is returned to The Judge Advocate General

724

of the Army for submission to a board of review. The board may, in its discretion, approve the lesser offense of absence without leave and reassess the sentence or it may order a rehearing on the desertion charge.

Chief Judge QUINN concurs.

LATIMER, Judge (concurring in part and dissenting in part):

I dissent from the holding of the Court on the first granted issue but concur with the remaining parts of the opinion.