UNITED STATES, Appellee

v

LARRY G. AVERETTE, Hospitalman, U. S. Navy, Appellant

17 USCMA 319, 38 CMR 117

No. 20,288

December 15, 1967

*Captain W. H. Hogan, Jr.,* USNR, argued the cause for Appellant, Accused. With him on the brief were *Lieutenant Colonel Frederick H. Campbell,* USMC, and *Lieutenant Warren K. Morgens,* USNR.

*Commander Walter F. Brown,* USN, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel C. R. Larouche,* USMC.

## Opinion of the Court

KILDAY, Judge:

Appellant was arraigned before a special court-martial convened at the United States Naval Station, Charleston, South Carolina, charged with six specifications of absence without leave (total time approximately fifty-one days), and four specifications of breaking arrest, in violation of Articles 86 and 95, Uniform Code of Military Justice, 10 USC §§ 886 and 895, respectively. He pleaded guilty as charged and was sentenced to a bad-conduct discharge, confinement at

hard labor for six months, and forfeiture of $64.00 per month for a like period. The convening authority reduced the confinement to five months and the forfeitures of $64.00 per month for the period of confinement, but otherwise affirmed. The officer exercising general court-martial jurisdiction affirmed the findings and the sentence as reduced. The board of review affirmed the findings and sentence as approved.

We granted appellant's petition to consider whether the president of this special court-martial erred prejudicially in failing to instruct on the limited purpose for which evidence of uncharged misconduct was received.

Following announcement of the findings of guilty, the appellant was sworn and testified in extenuation and mitigation. While explaining the circumstances surrounding his absences, the appellant admitted that he became involved with a stolen motor vehicle, was convicted and sentenced to a year and a half in the Federal penitentiary. This sentence, however, was suspended on condition that he stay in the Navy for one year "without getting kicked out." He was given a field board by the Navy "for a stolen car" and because "I just didn't want to spend a year and a half in the pen. . . . I ran again." There was no cross-examination by trial counsel.

The president instructed the court that the four specifications of breach of arrest merged with four of the absence without leave offenses for the purpose of punishment. He did not, however, instruct the court that the evidence of the appellant's conviction for automobile theft could not be considered for the purpose of assessing punishment. His failure to do so was error. United States v Rodriguez, 17 USCMA 54, 37 CMR 318; United States v Baskin, 17 USCMA 315, 38 CMR 113. The circumstances of this case are sufficiently similar to those found in the cited cases to dictate the same result.

The decision of the board of review is reversed and the record of trial is returned to the Judge Advocate General of the Navy. The board may reassess the sentence or order a rehearing thereon.

Judge FERGUSON concurs.

QUINN, Chief Judge (dissenting):

Two reasons impel me to dissent. First, the accused introduced the evidence in his own sworn testimony to explain his absence. He wanted the court members to consider the matter, and the president certainly could not exclude it from evidence. Once in evidence, I just don't see how the court members could possibly consider it for the purpose of explaining the offense, without also considering it as evidence bearing on the accused's character. An instruction requiring such compartmentalization of application would have been completely futile. It is a "hollow gesture" indeed to reverse a case for failure to perform a futile act. See United States v Hinton, 8 USCMA 39, 42, 23 CMR 263. Secondly, since the testimony was properly admitted and was relevant to the question of punishment, it could, in my opinion, be considered by the court members. I pointed out in an earlier case that there is a material difference between evidence properly admitted and evidence improperly before the court-martial; and there is a material difference between evidence of other offenses admitted before findings and such evidence admitted in connection with the sentence. In the latter instance, "the court members are entitled to relevant evidence to indicate the kind of person the accused is." United States v Kirby, 16 USCMA 517, 37 CMR 137.

I would affirm the decision of the board of review.