UNITED STATES, Appellee

v

JAMES E. MALLARD, Private, U. S. Army, Appellant

19 USCMA 457, 42 CMR 59

No. 22,580

May 28, 1970

Colonel Daniel T. Ghent and Captain Lee A. Rau were on the pleadings for Appellant, Accused.

Colonel David T. Bryant, Major Edwin P. Wasinger, and Captain Edwin L. Gage were on the pleadings for Appellee, United States.

## Opinion of the Court

DARDEN, Judge:

The appellant pleaded and was found guilty of desertion that began March 10, 1968, and ended by apprehension on May 13, 1969. He was sentenced to a dishonorable discharge, total forfeitures, and confinement at hard labor for three years. The term of the confinement was then reduced by the convening authority to one year and six months in compliance with a pretrial agreement. In extenuation and mitigation, the appellant informed the court through counsel that during the desertion period he had used drugs and had twice almost killed himself with an overdose. Since this is evidence of other misconduct, Mallard now contends that for sentence purposes the law officer erred in not giving limiting instructions. See United States v Rodriguez, 17 USCMA 54, 37 CMR 318 (1967); United States v Baskin, 17 USCMA

**457**

315, 38 CMR 113 (1967); United States v Averette, 17 USCMA 319, 38 CMR 117 (1967).

The Manual for Courts-Martial that became effective January 1, 1969, changed the law by permitting consideration of other offenses or acts of misconduct for sentencing purposes. Paragraph 76a(2), Manual for Courts-Martial, United States, 1969; United States v Worley, 19 USCMA 444, 42 CMR 46 (1970). *Sua sponte* limiting instructions generally are no longer required. When the offense for which the accused was tried occurred before the effective date of the 1969 Manual, however, such evidence has the potential for *ex post facto* effect. United States v Griffin, 19 USCMA 348, 41 CMR 348 (1970). This is such an instance, since desertion is not a continuing offense. United States v Ray, 7 USCMA 378, 22 CMR 168 (1956).

Considering the nature of the evidence of the other misconduct, coupled with the knowledge that the court-martial gave Mallard the maximum punishment permissible for the desertion charged, we think the error in this case may have been harmful. If this evidence had been omitted, we doubt that the appellant would have received more than his pretrial agreement called for. Under these circumstances the decision of the United States Army Court of Military Review as to sentence is set aside. The record of trial is returned to the Judge Advocate General of the Army for resubmission to the Court of Military Review for reconsideration of the sentence. United States v Rodriguez; United States v Baskin; United States v Averette; all supra.

Chief Judge QUINN concurs.

Judge FERGUSON concurs in the result.