UNITED STATES, Appellee,

v.

Private (E–1) Wayne V. EASLEY, SSN 216–68–5622, United States Army, Appellant.

CM 436576.

U. S. Army Court of Military Review.

29 Dec. 1977.

Colonel Robert B. Clarke, JAGC, Major Benjamin A. Sims, JAGC, and Captain Carlos A. Vallecillo, JAGC, were on the pleadings for appellant.

Counsel for the appellee declined to file pleadings.

Before CLAUSEN, CARNE and COOK, Appellate Military Judges.

## OPINION OF THE COURT

CLAUSEN, Chief Judge:

Appellant was found guilty of larceny in accordance with his pleas, and the record was submitted to this Court by appellate defense counsel by a *pro forma* pleading with no errors being assigned. Our review of the record reveals that the trial judge's *Care*[1] inquiry comported in every respect with decisional guidelines of the United States Court of Military Appeals. However, the trial judge's *Green*[2] inquiry concerning the written guilty plea agreement failed to comply in one respect with the mandate in *Green* as amplified in *King*.[3] He failed to secure from both counsel that his interpretation of the agreement comported with theirs.

In determining the consequences which must flow from the trial judge's omission, we are guided by the policies which underlie the *Green* requirements. As stated by Chief Judge Fletcher in *King, supra*, the basic policy behind *Green* was to require the trial judiciary to actively participate in and prepare a record which satisfactorily demonstrates the absence of *sub rosa* agreements.[4] Moreover, the "whole purpose of *Green*" was ". . . to insure that the propriety and meaning of the various plea

1. *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

2. *United States v. Green*, 24 U.S.C.M.A. 299, 52 C.M.R. 10, 1 M.J. 453 (1976).

3. *United States v. King*, 3 M.J. 458 (C.M.A. 1977).

4. 3 M.J. 458–9.

bargain provisions would be satisfactorily set forth *on the record.* . . ."[5]

The trial judge's inquiry in this case makes it clear that the appellant voluntarily and providently entered into the guilty plea agreement and that there were no secret understandings. The agreement itself contains no provisions violating public policy or which would violate anyone's notions of fundamental fairness. It also is clear that the appellant and the trial judge reached an understanding of the meaning and effect of each and every term of the agreement. In our view, the purpose to be served by asking counsel the comportment question is to assist the trial judge in insuring that the person in the courtroom with the most at stake understands the agreement.

We find a degree of judicial scrutiny of the plea agreement at the trial level such as to enhance public confidence in the plea bargaining process which insured that no secret agreements were left unexposed, and which left no ambiguities unclarified. Accordingly, we find that the mandate of the Court of Military Appeals has been met.

The findings of guilty and the sentence are affirmed.

Senior Judge CARNE, concurs.

COOK, Judge, dissenting:

I confess that it has never been clear to me why our judicial superiors have required that "the trial judge . . . secure from counsel for the accused as well as the prosecutor their assurance that . . . the judge's interpretation of the agreement comports with their understanding of the meaning and effect of the plea bargain."[1] Rule 11(e), Federal Rules of Criminal Procedure, from whence the *Green* inquiry appears to stem, does not have an equivalent

requirement. I am inclined to agree with those who feel that the fundamental and critical purpose of the providency inquiry is to determine what the accused, rather than counsel, believes the agreement encompasses.[2]

While the source of the rule may be adumbral, and its purpose enigmatic, nevertheless, such an inquiry of counsel is clearly mandated by *United States v. Green,* 24 U.S.C.M.A. 299, 52 C.M.R. 10, 1 M.J. 453 (1976). Although they concede that the trial judge failed to make the required inquiry, for the reasons they have expressed, the majority chooses not to acknowledge its prejudicial impact. Yet, the failure of another trial judge to make that same inquiry constituted one of the two bases for the reversal in *United States v. King,* 3 M.J. 458 (C.M.A.1977). In view of that fact, and because the *King* decision admonishes against adopting ". . . 'substantial compliance' . . . [as] our standard for review."[3], I believe this Court has no alternative but to either determine that there has been rigid compliance with each and every provision of *Green* in each and every case, or reverse.

As such conformity was not present in this case, I would reverse and order a rehearing.

---

5. 3 M.J. 458–9 (emphasis in original).

1. *United States v. Green,* 24 U.S.C.M.A. 299, 301, 52 C.M.R. 10, 12, 1 M.J. 453, 456 (1976).

2. Additionally, the seemingly erratic and capricious performance by our judicial superiors in granting and denying petitions during the post-*King* decision period invites legitimate specula-

tion that a failure by the trial judge in this single particular is not to be treated with the same gravity as would be the case in an omission of one of the other inquiries ordered by the *Green* opinion.

3. *United States v. King,* 3 M.J. 458, 459 (C.M.A. 1977).