**UNITED STATES, Appellee,**

v.

**Private (E–2) Jeffrey E. MILUM, SSN 003–54–8838, United States Army, Appellant.**

**CM 436785.**

U. S. Army Court of Military Review.

17 May 1978.

Colonel Robert B. Clarke, JAGC, Major Benjamin A. Sims, JAGC, Captain Carlos A. Vallecillo, JAGC, and Captain James J. Parwulski, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Laurence M. Huffman, JAGC, and Captain David P. Saxon, JAGC, were on the pleadings for appellee.

Before FULTON, MOUNTS and TALIAFERRO, Appellate Military Judges.

OPINION OF THE COURT

FULTON, Senior Judge.

Charged with housebreaking and larceny in the barracks, as well as with possession of marijuana, the appellant negotiated a guilty plea with the convening authority. During the trial, which resulted in the conviction we are reviewing, the military judge inquired thoroughly into the appellant's understanding of each provision of the plea agreement and assured on the record that there was no uncertainty on the appellant's part. The judge complied with the plea

bargain inquiry prescription of *United States v. Green*, 1 M.J. 453, 455–56 (C.M.A. 1976), in all respects save one: he neglected to ask the prosecutor and defense counsel whether their understanding of the agreement comported with his.

*Green* requires that the trial judge "secure from counsel for the accused as well as the prosecutor their assurance . . . that the judge's interpretation of the agreement comports with their understanding of the meaning and effect of the plea bargain." *Id.* at 456, quoting from *United States v. Elmore*, 1 M.J. 262, 264 (C.M.A. 1976) (Fletcher, C. J., concurring in result). In *United States v. Crowley*, 3 M.J. 988 (A.C.M.R.1977) (en banc), this Court considered a *Green* inquiry the shortcomings of which included the failure to ask the so-called comportment question of counsel after having gone over the agreement with the accused. We found that the omission was not fatal because "under these circumstances we can safely infer that the judge's understanding comports with counsels' because they are under a duty to voice their disagreement on the record." *Id.* at 993. When confronted with an analogous argument, the Court of Military Appeals, however, said—

> Counsel urge that 'substantial' compliance will suffice, and that we should not, absent a showing of a *sub rosa* agreement, declare a plea improvident because of a failure by the trial judge to strictly follow the procedure set forth in *Green*. This is unacceptable because it ignores the basic policies behind *Green* of requiring the trial judiciary to actively participate in and prepare a record for the appellate authorities which satisfactorily demonstrates the absence of such agreements. Since we believe that the whole purpose of *Green*, as set forth earlier in this opinion, is thwarted unless its terms are strictly adhered to, we decline either to attempt to 'fill in' a record left silent because of the trial judge's omission or to

develop a sliding scale analysis whereby 'substantial compliance' becomes our standard for review.

*United States v. King*, 3 M.J. 458, 459 (C.M. A.1977).* The Court then summarily reversed our decision in *Crowley*. 4 M.J. 170.

Notwithstanding the reversal of *Crowley*, panels of this Court and of the Navy Court of Military Review have found circumstances in which a guilty plea was not made improvident merely by the failure to ask of counsel the comportment question. *United States v. Easley*, 4 M.J. 768 (A.C.M.R.1977) (Clausen, C. J.); *United States v. Williamson*, 4 M.J. 708 (N.C.M.R.1977).

We note with some interest that, when the failure to ask the comportment question has been linked with other deficiencies in the plea bargain inquiry, reversal has ensued. *See* U.S.C.M.A. Daily Journal, 24 Feb 1978, 4 M.J. 295, granting review and reversing *United States v. Kersten*, 4 M.J. 657 (A.C.M.R.1977). On the other hand, the Court of Military Appeals has withdrawn its summary reversal of *Crowley* and restored that case to its docket, 4 M.J. 272, and also has declined to review *Easley* in which the sole issue was failure to ask the comportment question. U.S.C.M.A. Daily Journal, 27 Apr 1978, 5 M.J. 132.

We are aware that the Court has indicated that "denial of a petition is of *no precedential value* and should not be . . . relied upon as authority." *United States v. Mahan*, 1 M.J. 303, 307, n.9 (C.M.A.1976); *see* Latimer, " 'Good Cause' in Petitions for Review," 6 *Vand.L.Rev.* 163–66 (1953). The fact remains, however, that neither *Crowley* nor *Easley* has been reversed. So far as the failure to expressly ask the comportment question is concerned, the circumstances in this case are identical to those in *Crowley* and *Easley*.

The findings of guilty and the sentence are affirmed.

Judge MOUNTS and Judge TALIAFERRO concur.

---

* The initial mention of "sub rosa" agreements and later injunction to demonstrate the absence of "such agreements" could support a conclusion that the quotation was intended to be limited to that facet of the *Green* inquiry; the concluding sentence seems more broadly intended, however.