UNITED STATES, Appellee,

v.

Staff Sergeant Richard C. KULP, Jr.,
SSN 196–42–9487, United States
Army, Appellant.

CM 436846.

U. S. Army Court of Military Review.

30 May 1978.

Captain Peter A. Nolan, JAGC, argued the cause for appellant. With him on the brief were Major Benjamin A. Sims, JAGC, and Captain Carlos A. Vallecillo, JAGC.

Captain Laurence M. Huffman, JAGC, argued the cause for appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, and Captain Gary F. Thorne, JAGC (USAR).

Before JONES, MITCHELL and De-FORD, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

The appellant was convicted of conspiracy to commit graft and two specifications of accepting graft in violation of Articles 81 and 134, Uniform Code of Military Justice,

10 U.S.C. §§ 881 and 934. He was sentenced to a dishonorable discharge and reduction to Private E–1. The convening authority disapproved the findings of guilty of the conspiracy and one of the graft offenses. He approved the sentence.

The remaining offense of graft of which the appellant stands convicted alleges that he accepted $100.00 as partial compensation for arranging the transfer of another serviceman.* The appellant attacks this conviction on two bases. First, he contends that he did not occupy and misuse his official position in effecting the transfer. Second, he argues that he should have been punished for a disorder rather than for graft.

■ Graft is the acceptance of compensation or other private gain by an individual for the use of her (or his) official position of trust and confidence. *United States v. Alexander*, 3 U.S.C.M.A. 346, 12 C.M.R. 102 (1953); *United States v. Williams*, 23 C.M.R. 868 (A.F.B.R.1957). The official position must have a relationship to the service rendered but the act need not be one that the individual is empowered to perform. *United States v. Williams, supra*; *United States v. Graalum*, 19 C.M.R. 667 (A.F.B.R.1955).

■ The appellant was a section chief in the U. S. Army Military Personnel Center. His section was not responsible for reassignments but we do not believe such a direct link was necessary. We believe it sufficient that there was a relationship between his official position and the act—that the act resulted from his position of trust and influence. Here, because of a prior job in the organization, the appellant had knowledge of how enlisted transfers were accomplished, how the forms were used, and how the computer terminal was employed; because of his present job he maintained his knowledge of the transfer process, had access to the area where transfers were made, and was recognized as a person who was authorized to be in the area. We find this use of his position sufficiently related to the act of the illegal transfer to amount to graft.

■ The appellant also contends that his actions amounted only to a disorder, not graft, and that he should have been punished only for that lesser offense. Even if we had concluded that his conduct did not amount to the offense of graft, but was only a disorder, we would not have found the lesser punishment applicable. Such conduct is so serious as to mandate the greater maximum punishment. *United States v. Bey*, 4 U.S.C.M.A. 665, 16 C.M.R. 239 (1954); *United States v. Coogan*, 24 C.M.R. 595 (A.B.R.1959). Notwithstanding this, we believe some sentence relief is warranted.

The findings of guilty are affirmed. On the basis of the entire record, only so much of the sentence is affirmed as provides for a bad-conduct discharge and reduction to Private E–1.

Judge DeFORD concurs.

MITCHELL, Judge, concurring in part and dissenting in part:

I agree with the majority on the affirmance of the conviction but must part with their company on their reassessment of the sentence. My reading of the record reveals not a single extenuating or mitigating matter upon which I could conscientiously predicate a reduction of the adjudged dishonorable discharge to a bad-conduct discharge. It is apparent that the appellant is a superior individual in every respect save two—honor and integrity. He used his position of trust and confidence with a view of unlawful profit to himself. He acted in deliberate disregard of the interests of the Army and Republic whose uniform he wore. By adjudging no confinement and no forfeitures I think the trial court exercised extreme leniency. I would affirm the sentence as adjudged by the court and approved by the convening authority.

---

* The precise manner in which the transfer was arranged is undisclosed.