**UNITED STATES, Appellee,**

v.

**Private (E–1) Randolph C. ARRINGTON, SSN 226–80–6530, United States Army, Appellant.**

**SPCM 12959.**

U. S. Army Court of Military Review.

9 June 1978.

Major Andrew W. Maron, JAGC, argued the cause for the appellant. With him on the brief were Colonel Robert B. Clarke, JAGC, Major Benjamin A. Sims, JAGC, and Captain Carlos A. Vallecillo, JAGC.

Captain Richard A. Canatela, JAGC, argued the cause for the appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, and Major Steven M. Werner, JAGC.

Before CLAUSEN, CARNE and COOK, JJ.

## OPINION OF THE COURT

CARNE, Senior Judge:

Appellant was convicted, pursuant to his pleas, of two specifications of possession and two specifications of transfer of marihuana, in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934, and one absence without leave, in violation of Article 86, UCMJ, 10 U.S.C. § 886. Appellant contends that the inquiry into the providence of his pleas did not satisfy the requirements of *United States v. Care*[1] and *United States v. Green*.[2]

The pretrial agreement provided that appellant could withdraw his pleas anytime prior to pronouncement of the sentence. This provision was explained by the military judge, who determined that appellant understood the meaning and effect of the provision. This inquiry satisfied the requirements of *Green,* but the provision inaccurately states the right to withdraw a plea of guilty. *See* paragraph 70b, Manual for Courts-Martial, United States, 1969 (Revised edition). The military judge subsequently advised appellant correctly that he could request to withdraw the pleas after findings for good cause. We find the providence of the pleas was unaffected by the imprecise language contained in the agreement. Despite the lack of a specific comportment inquiry of counsel, we find that the mandate of the Court of Military Appeals has been met. *United States v. Eas-*

1. 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).     2. 1 M.J. 453 (C.M.A.1976).

*ley,* 4 M.J. 768 (A.C.M.R.1977), *pet. denied,* 5 M.J. 132 (C.M.A.1978).

■ In conducting the *Care* inquiry, the military judge thoroughly discussed all the elements of each offense and then elicited a detailed factual basis for every specification. With regard to the Article 134 offenses, the appellant acknowledged, *inter alia,* the illegality of his acts, that he had no legal justification, and that his acts were to the prejudice of good order and discipline in the service. Under the facts and circumstances developed on this record, we do not believe that the military judge had any additional duty to determine how, in the appellant's opinion, his acts were prejudicial to good order and discipline. That is not the type of factual inquiry envisioned by *Care,* and the complete factual development in this case makes it clearly inapposite to *United States v. Terry,* 21 U.S.C.M.A. 442, 45 C.M.R. 216 (1972), relied upon by appellant in support of his contention.

The additional assignment of error has been considered and found to be without merit or nonprejudicial to appellant's substantial rights.

■ Based upon the rationale in *United States v. Williams,* 18 U.S.C.M.A. 78, 39 C.M.R. 78 (1968), however, we hold that the multiplicious offenses of possession should be dismissed. For the reasons stated in *United States v. Walters,* 47 C.M.R. 93 (C.M.A.1973), no sentence relief is warranted.

The findings of guilty of Specifications 1 and 3 of Charge I are set aside and those charges are dismissed. The remaining findings of guilty and sentence are AFFIRMED.

COOK, Judge, concurring:

Because I have to date consistently dissented in cases in which the trial judge failed to ask the so-called comportment question[1] "required" by *United States v. Green,* 1 M.J. 453 (C.M.A.1976), and *United States v. King,* 3 M.J. 458 (C.M.A.1977), but am concurring under similar circumstances in the case *sub judice,* I feel an explanation is in order. My *volte-face* is occasioned primarily by a uniform pattern of denials of petitions by the United States Court of Military Appeals in cases which involve this precise omission.[2] While Chief Judge Fletcher has admonished us not to engage in such speculations,[3] I nevertheless feel that, under the totality of the post-*King* decision situation, ignoring such repetitive and undeviating conduct by our Supreme

---

[1] "In addition to his inquiry with the accused, the trial judge should secure from counsel for the accused as well as the prosecutor their assurance . . . that the judge's interpretation of the agreement comports with their understanding of the meaning and effect of the plea bargain." *United States v. Green, supra* at 456. The trial judge's failure to fulfill this condition was cited as one of the two errors which resulted in reversal in *United States v. King, supra.*

[2] *United States v. Easley,* 4 M.J. 768 (A.C.M.R. 1977), *pet. denied,* 5 M.J. 132 (C.M.A.1978); *United States v. Adams,* S.P.C.M. 12902 (A.C.M.R. 21 September 1977), *pet. denied,* 4 M.J. 340 (C.M.A.1978); *United States v. Harrison,* S.P.C.M. 12822 (A.C.M.R. 14 October 1977), *pet. denied,* 4 M.J. 275 (C.M.A.1978); *United States v. Krause,* S.P.C.M. 12562 (A.C.M.R. 20 September 1977), *pet. denied,* 4 M.J. 249 (C.M. A.1978); *United States v. Willett,* SPCM 12919 (A.C.M.R. 8 September 1977), *pet. denied,* 4 M.J. 241 (C.M.A.1978); *also see United States v. Milum,* 5 M.J. 672 (A.C.M.R. 17 May 1978).

[3] *United States v. Mahan,* 1 M.J. 303, 307 n.9 (C.M.A.1976), "we reiterate [as yet research fails to reveal a recorded instance in which this advice was iterated by either the author or that Court] that our denial of a petition is of *no precedential value* and should not be cited, except as a matter of appellate history, or relied upon as authority." (emphasis in original). This is similar to the U.S. Supreme Court's position concerning the significance to be attributed to its denial of certiorari. "Thirty years ago the Court rather sharply reminded the Bar not to draw strength for lower court opinions from the fact that they were left unreviewed here. 'The denial of a writ of certiorari imports no expression of opinion upon the merits of the case, as the bar has been told many times.' *United States v. Carver,* 260 U.S. 482, 490, 43 S.Ct. 181, 182, 67 L.Ed. 361 [1923]. We have repeatedly indicated that a denial of certiorari means only that, for one reason or another which is seldom disclosed, and not infrequently for conflicting reasons which may have nothing to do with the merits and certainly may have nothing to do with any view of the merits taken by a majority of the Court, there were not four members of the Court who thought the case should be heard." *Brown v. Allen,* 344 U.S. 443, 491–92, 73 S.Ct. 397, 439,

Court would be tantamount to closing my eyes to an onrushing front-end-loader. Plainly, as to this facet of our law, which was metagrobolized by the *Green/King* decisions, the moving finger has writ.[4]

I do not regret surrendering this redoubt as I have considered it to be of dubious tactical value from the outset.[5] Now that it appears our judicial superiors have decided that whenever a record of trial establishes that an accused fully understands the terms of his pretrial agreement it matters nought that counsel has not expressed on the record their accord with the trial judge's interpretation of that agreement, I am delighted to join that Court and my fellow judges on this Court in that view.

CLAUSEN, Chief Judge, concurring in the result:

I concur in Senior Judge Carne's analysis of the assigned errors and in the affirmance of the sentence. I disassociate myself from the dismissal of Specifications 1 and 3 of Charge I.

---

97 L.Ed. 469 (1953) (Frankfurter, J., concurring and stating majority view on this point). In spite of this advice lawyers are given to investing such denials, as well as grants, with meaning as a sorceress reads the entrails of a sacrificial chicken.

4. "Rubaiyat of Omar Khayyam," Verse LI:
The Moving Finger writes; and, having writ, Moves on: nor all thy Piety nor Wit Shall lure it back to cancel half a Line,
Nor all thy Tears wash out a Word of it.
Translated from the Persian by Edward Fitzgerald. Garden City, N.Y.: Garden City Books, 1952.

5. See my dissent in *United States v. Easley, supra.*