UNITED STATES, Appellee,

v.

Private First Class Leonard E. THOMAS,
SSN 408–08–3191, United States
Army, Appellant.

CM 436525.

U. S. Army Court of Military Review.

11 Oct. 1978.

Colonel Robert B. Clarke, JAGC, Major Benjamin A. Sims, JAGC, Captain Carlos A. Vallecillo, JAGC, Major Andrew W. Maron, JAGC, and Captain Donald J. Perrault, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Lee D. Schinasi, JAGC, and Captain Stephen D. Smith, JAGC, were on the pleadings for appellee.

Before FULTON, TALIAFERRO and WATKINS, Appellate Military Judges.

## OPINION OF THE COURT

PER CURIAM:

Consonant with his plea appellant was convicted of wrongful transfer of heroin and wrongful possession of heroin, both in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (hereinafter UCMJ), and possession of lysergic acid diethylamide (LSD), in violation of Article 92, UCMJ, 10 U.S.C. § 892. He was sentenced to a dishonorable discharge, confinement for five years, total forfeitures, and reduction to E–1. The convening authority, pursuant to the terms of a pretrial agreement, approved only so much of the sentence as provided for a dishonorable discharge, confinement at hard labor for 40 months, total forfeitures, and reduction to E–1.

The appellant has assigned a number of errors which we will consider seriatim.

I

[1] Appellant contends that even though the 15 January 1977 change to Army Regulation 600–50[1] supposedly removed any prosecutorial discretion in selecting between Articles 92 and 134, UCMJ, when charging drug offenders, some amount of prosecutorial discretion was still exercised at Fort Ord, California. In support of his contention, the appellant has directed this Court's attention to the court-martial of one Johnson. Johnson was charged with possession of cocaine in violation of Article 134, UCMJ, and was tried at Fort Ord some 14 days after the appellant's trial. Possession of cocaine charged as a violation of Article 134, UCMJ, carries a maximum confinement of five years. However, at Johnson's trial the Government conceded that the maximum confinement was two years, that being the maximum for a violation of Article 92, UCMJ. The appellant concludes that the *Johnson* case establishes that there was some amount of discretion still exercised in selecting the article of the code under which to charge drug offenders. More importantly, the appellant reasons that this exercise of discretion denied him equal protection of the law by exposing him to a more severe sentence than similar drug offenders who are charged under, or sentenced pursuant to, the provisions of Article 92.

We are convinced that both the appellant and Johnson were properly charged with violations of Article 134, UCMJ. *United States v. Hoesing,* 5 M.J. 355 (C.M.A.1978). Moreover, we are not bound by any erroneous ruling of the trial court, in the unrelated *Johnson* case, in order to sustain appellant's conviction. Furthermore, we believe that it is likely that any confusion regard-

---

1. Standards of Conduct for Department of the Army Personnel, April 1973. This change to the regulation was discussed in *United States v. Dillard,* 4 M.J. 577 (A.C.M.R.1977) *aff'd,* 5 M.J. 355 (C.M.A.1978).

ing the maximum confinement in the *Johnson* case was attributable to uncertainty over the classification of cocaine [2] as a habit forming drug, rather than the improper exercise of prosecutorial discretion.

## II

■ Appellant next claims that he was denied equal protection of the law because of the failure of the several branches of the armed forces to standardize their method of charging similar drug offenders. This assignment of error has also been resolved by the Court of Military Appeals' decision in *United States v. Hoesing,* 5 M.J. 355 (C.M.A.1978). Moreover, while the appellant claims that the providency inquiry was defective, because of a substantial misunderstanding as to the maximum period of confinement, we note that the appellant indicated a willingness to plead guilty even had the maximum confinement time been set at two years. This pronouncement by the appellant renders moot any error connected with his misunderstanding of the maximum period of confinement and its effect on his plea. *United States v. Frangoules,* 1 M.J. 467 (C.M.A.1976).

## III

■ Appellant contends that his plea was improvident because the military judge failed to ask the counsel if their understanding of the terms of the agreement comported with his understanding and because of the military judge's failure to query him concerning the provision of the pretrial agreement which required him to enter into a stipulation of fact.

Our review of the providency inquiry leads us to the conclusion that the mandates of *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969); *United States v. King,* 3 M.J. 458 (C.M.A.1977); and *United States v. Green,* 1 M.J. 453 (C.M.A.1976), were met in the instant case. The failure of the military judge to specifically ask the comportment question has been addressed by this Court and found to be without merit

where the inquiry is complete in all other aspects. *United States v. Milum,* 5 M.J. 672 (A.C.M.R.1978). Based on the thorough inquiry in the instant case, we see no reason why we should not adhere to the above-cited precedent. (The stipulation question will be addressed below.)

## IV

■ Appellant next contends that his plea of guilty was improvident because it was entered into pursuant to a pretrial agreement containing an illegal collateral condition. That condition stated that the agreement would be rendered void if the appellant changed his plea at a rehearing ordered by the convening or higher authority. This specific provision was the subject of review by this Court in *United States v. Stoutmire,* 5 M.J. 724 (A.C.M.R.1978). We are of the opinion that that case presents a proper disposition of this error.

## V

■ In this assignment of error, the appellant contends that the so-called "misconduct provision" was also an illegal collateral condition which was void as contrary to public policy. Appellant submits that inclusion of this provision rendered his guilty plea improvident. Suffice it to say the legality of this type of provision as a condition of the pretrial agreement has been upheld by this Court. *United States v. Alvarez,* 5 M.J. 762 (A.C.M.R.1978); *see also United States v. French,* 5 M.J. 655 (N.C.M.R.1978); *United States v. Rankin,* 3 M.J. 1043, 1044 (N.C.M.R.1977).

## VI, VII & VIII

■ Each of these three assignments of error relates to the stipulation of fact. Appellant first contends that his plea is improvident because it was entered into pursuant to a pretrial agreement containing an illegal collateral condition, to enter into a stipulation of fact. Appellant argues that

2. *See United States v. Zenor,* 1 M.J. 918 (N.C.M.R.1976) *aff'd,* 3 M.J. 186 (C.M.A.1977). This case addresses the cocaine classification question.

this requirement renders the pretrial agreement void on public policy grounds. Appellant specifically claims that he was forced into a stipulation which contained incidents of uncharged misconduct and that he was denied his right of confrontation. In support of the latter claim the appellant asserts that the military judge failed to ascertain whether the appellant knew what a stipulation was and that he failed to adequately explain to the appellant that the stipulation could be used during both the findings and the sentencing phase of the trial.

The appellant's second contention is that the military judge should have sua sponte instructed the court on the incidents of uncharged misconduct alluded to in the stipulation.[3]

The requirement that an accused enter into a stipulation of fact, as a condition of the pretrial agreement, has stood prior judicial review. *United States v. Onan,* 5 M.J. 514 (A.C.M.R.1978). Moreover, while the inquiry necessary to establish the accused's understanding of the effect, the use of, and his assent to, a stipulation of fact has not been specifically set out by any judicial authority, we believe that the military judge need only satisfy himself that the accused understands the nature of the stipulation, its effect and that the accused assents thereto. Paragraph 154b, Manual for Courts-Martial, United States, 1969 (Revised edition). *See also United States v. Onan, supra; United States v. Bertelson,* 3 M.J. 314 (C.M.A.1977). We feel that the military judge in the instant case satisfied these requirements.

■ We next consider the question whether the military judge was obligated to sua sponte instruct the court on the incidents of uncharged misconduct contained in the stipulation of fact. While, the military judge is required to give such sua sponte instructions during the findings phase of the trial[4] such instructions may not be required *during* the sentencing phase. *Unit-*

ed States v. Worley, 19 U.S.C.M.A. 444, 42 C.M.R. 46 (1970); *United States v. Mallard,* 19 U.S.C.M.A. 457, 42 C.M.R. 59 (1970). Both *Worley* and *Mallard, supra,* seem to indicate that not every incident of uncharged misconduct which may come to light during the sentencing phase requires the military judge to give limiting instructions. More importantly, we find that in the instant case the appellant voluntarily entered into the stipulation of fact. There is absolutely no evidence of record that the appellant was in any way coerced into stipulating to these specific acts of misconduct in order to receive the benefits of a pretrial agreement. While the better practice may be for the military judge to conduct an inquiry of an accused to insure that he understands that the stipulation contains potentially harmful information, the duty of policing the stipulation for inadmissible or derogatory information must ultimately rest with the accused and his counsel. Under the facts of this case, we find that the stipulation was properly before the court and that the military judge was not obligated to sua sponte instruct the court regarding any information contained in the stipulation.

## IX

■ This error challenges the adequacy of the inquiry mandated by *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). Appellant argues that the military judge did not adequately discuss the "prejudice to the good order and discipline" element of the Article 134 offenses. We believe this matter to have been properly resolved by this Court's holding in *United States v. Arrington,* 5 M.J. 756 (A.C.M.R. 1978). We find that the military judge's inquiry satisfied the *Care* mandate.

## X

In appellant's last assignment of error, he alleges that he was improperly removed from the situs of his trial. Appellant con-

---

**3.** The stipulation of fact contains two references to uncharged drug related conduct.

**4.** *United States v. Grunden,* 2 M.J. 116 (C.M.A. 1977).

tends this removal resulted in a violation of Article 54(c), UCMJ. *United States v. Cruz-Rijos,* 1 M.J. 429 (C.M.A.1976).

We deem this error to be without merit in view of the Court of Military Appeals' disposition of *United States v. Vick,* 4 M.J. 235 (C.M.A.1978).

The findings of guilty and the sentence are affirmed.