UNITED STATES, Appellee

v

PATRICK L. NATHAN, Recruit,
U. S. Army, Appellant

12 USCMA 398, 30 CMR 398

No. 14,709

Decided May 26, 1961

First Lieutenant Alonzo F. Davis argued the cause for Appellant, Accused. With him on the brief was Lieutenant Colonel Ralph W. Wofford.

First Lieutenant Carl F. Wrench argued the cause for Appellee, United States. With him on the brief were Lieutenant Colonel James G. McConaughy and Captain William A. Zeigler.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

A general court-martial in Frankfurt, Germany, convicted the accused of several charges, including one of conspiring to commit robbery, in violation of Article 81, Uniform Code of Military Justice, 10 USC § 881 (Charge I). The specification alleges that the accused conspired with Recruits E. D. Hall and R. L. Hubbard. Hall and Hubbard were tried before the accused on the same charge of conspiracy. At their trial, the law officer granted a motion for a finding of not guilty as to both. At the accused's trial, defense counsel moved to dismiss the charge in view of the earlier acquittal of the alleged co-conspirators. The motion was denied,

and the ruling was sustained on the intermediate appellate reviews. We granted further review to consider the correctness of the ruling.

The heart of a conspiracy charge is the allegation of an illegal agreement between two or more persons. United States v Falcone, 311 US 205, 85 L ed 128, 61 S Ct 204 (1940); Manual for Courts-Martial, United States, 1951, paragraph 160. A person cannot conspire with himself. Consequently, it has long been the rule that the acquittal of one of two conspirators requires the acquittal of the other. United States v Gordon, 242 F2d 122 (CA 3d Cir) (1957); United States v Masiello, 235 F

2d 279 (CA 2d Cir) (1956); Thompson v United States, 227 F2d 671 (CA 5th Cir) (1955); People v Levy, 299 Ill App 173, 20 NE2d 171 (1939); 1 Wharton, Criminal Law and Procedure, section 91, page 199 (1957). The board of review recognized the general rule, but held that it applies only to a case in which the alleged co-conspirators are tried together, and it does not apply when they are tried separately. On this appeal, the Government goes even further than the board of review and contends that the rule itself is illogical and unsound. It urges this Court, in the language of the late Judge Brosman, to "seek, newfledged and sole, for *principle,* unhampered by the limiting crop of the years." Brosman, *The Court: Freer Than Most,* 6 Vanderbilt Law Review 166, 167 (1953).

In its argument, the Government strongly relies upon a decision of the Nebraska Supreme Court in Platt v State, 143 Neb 131, 8 NW2d 849 (1943). Essentially, the argument and the decision in the *Platt* case are to the effect that inconsistency in a verdict is not fatal to a conviction, and that judgment of acquittal in the trial of one conspirator is not *res judicata* as to the other alleged conspirator because the defendants are not the same. Carrying the argument to its logical conclusion brings us to the situation in this case. In an earlier trial, both of the accused's alleged co-conspirators were judicially determined not to be a part of the purported conspiracy. Despite their acquittal, however, they appeared at the accused's trial as Government witnesses and testified, contrary to the verdict at their trial, that they were partners in the illegal agreement. Is such a collateral attack on the verdict permissible? Can the Government and its witnesses deny the truth and the validity of what has been judicially determined in the prosecution to which they were parties? In our opinion, they cannot.

As long as the verdict in the trial of the alleged co-conspirators stands, it must exclude those persons ▌ from the conspiracy. This means that, in fact and in law, the accused cannot be tried for conspiracy unless there are persons, other than those acquitted of the charge, who joined in the agreement with him. The situation as to conspiracy is different from that of inconsistent verdicts based on the same evidence as to two or more defendants charged with the commission of a substantive offense. In the latter instance, each defendant stands alone; hence, the acquittal of one does not preclude conviction of the other. In a conspiracy prosecution, it must be shown that at least two persons joined together in an illegal agreement. A judicial determination against the Government, whether in the same or in a separate action, that alleged co-conspirators are not part of the illegal agreement, eliminates those persons from partnership with the accused. If no other persons, known or unknown, are alleged to have conspired with the accused, the essential fact of agreement is missing and the accused cannot be convicted of conspiracy. United States v Austin-Bagley Corporation, 31 F2d 229, 233 (CA 2d Cir) (1929); United States v Gordon, supra; Bartkus v United States, 21 F2d 425 (CA 7th Cir) (1927).

It is said that our decision in United States v Yarborough, 1 USCMA 678, 5 CMR 106 (1952), supports the conviction here. In that case, two accused were tried in common for several offenses, including conspiracy to malinger. Yarborough sustained a wound in his right toe, and Marshall was wounded in the index finger of his right hand. Both wounds were inflicted by a single bullet from a carbine fired by Marshall. The question before us was the sufficiency of the evidence to support the findings of guilty. We held that "too many assumptions, without basis in fact," were required to reach the conclusion that Yarborough deliberately allowed himself to be shot; accordingly, we set aside the findings of guilty as to him. However, we affirmed Marshall's conviction. While the principal opinion did not specifically consider what effect the dismissal of the charge against Yarborough had on Marshall's conviction, the separate opinion of Judge Latimer pointed out that the charges were so drawn that each accused was apparently charged

"with a separate and distinct crime . . . [which made inapplicable] the general principle . . . that one cannot conspire with himself." Yarborough was charged with conspiring with Marshall to inflict injury on himself; the overt act alleged was that he placed himself in Marshall's line of fire and allowed Marshall to shoot him in the foot. Marshall was charged with conspiring to inflict injury on himself, and the alleged overt act was that he placed one hand upon Yarborough's foot and shot himself with a carbine held in the other hand. Exoneration of Yarborough in regard to the injury to himself did not necessarily exclude his participation in an agreement to injure Marshall. Consequently, nothing in the opinion in the *Yarborough* case is inconsistent with, or contrary to, the rule of law followed here.

The findings of guilty of Charge I are set aside and the Charge is ordered dismissed. The sentence is set aside, and the record of trial is returned to The Judge Advocate General for submission to a board of review for reassessment of the sentence on the basis of the remaining findings of guilty.

Judge FERGUSON concurs.