UNITED STATES, Appellee

v

WILLIAM E. FISHER, Private, U. S. Army, Appellant

16 USCMA 78, 36 CMR 234

No. 18,905

March 4, 1966

*Captain Melvin K. Najarian* argued the cause for Appellant, Accused. With him on the brief were *Colonel Joseph L. Chalk* and *Lieutenant Colonel Jacob Hagopian.*

*Captain Robert B. Lee* argued the cause for Appellee, United States. With him on the brief were *Colonel Joseph J. Crimmins* and *Lieutenant Colonel Francis M. Cooper.*

Opinion of the Court

KILDAY, Judge:

The accused was convicted of conspiracy to steal Government property, wrongful appropriation of a motor vehicle and larceny of Government property, in violation of Articles 81 and 121, Uniform Code of Military Justice, 10 USC §§ 881 and 921, respectively. His sentence, as approved by the convening authority, consists of a dishonorable discharge, total forfeitures, and confinement at hard labor for one year. Following affirmance by a board of review, we granted ac-

78

cused's petition to consider whether reversal of his conviction for conspiracy was required since the sole other alleged co-conspirator was acquitted on the merits.

With reference to the charge of conspiracy, the specification reads as follows:

"Specification: In that Private (E–2) William E. Fisher, U. S. Army, Company A, 7th Supply and Transport Battalion, did, at Camp Casey, Korea, on or about 23 March 1965, conspire with Private First Class (E–3) Eugene West to commit an offense under the Uniform Code of Military Justice, to wit: Larceny of forty-five (45) water coolers, of a value of about $4950.00, the property of the United States, and in order to effect the object of the conspiracy the said Private (E–2) William E. Fisher did cause the removal of the described property from Ascom Depot."

The accused was tried and convicted on May 27, 1965. The convening authority acted on June 28, 1965, and the board of review affirmed the findings and sentence on July 21, 1965. In his petition for review, the accused averred that West had been acquitted of this same conspiracy charge and supported this averment with a copy of a general court-martial order in West's case, published by the same convening authority on August 12, 1965. According thereto West was charged, among other things, as follows:

"*Specification 1:* In that Private First Class (E–3) Eugene West, U. S. Army, Company A, 7th Supply and Transport Battalion, did, at Camp Casey, Korea, on or about 23 March 1965, conspire with Private (E–2) William E. Fisher, to commit an offense under the Uniform Code of Military Justice, to wit: larceny of forty-five (45) water coolers, of a value of about $3,735.00, the property of the United States, and in order to effect the object of the conspiracy the said Private First Class (E–3) Eugene West did obtain a 2½ ton truck for Private (E–2) William E. Fisher."

West was also charged with wrongful appropriation of the truck and larceny of the water coolers. His acquittal of all three of these offenses is also reflected in the referred-to court-martial order.

It is at once apparent that while there is a difference in the alleged overt acts, which we will discuss hereinafter, this is the same conspiracy as charged against Fisher. Since in the case at bar West was the only other *alleged* conspirator, *his acquittal on the merits* of the case requires reversal of the conviction of this accused for that offense. United States v Kidd, 13 US CMA 184, 32 CMR 184; United States v Nathan, 12 USCMA 398, 30 CMR 398.

The basic and quite logical proposition with which we are here concerned is that "A person cannot conspire with himself." United States v Nathan and United States v Kidd, both supra. As stated in Perkins, Criminal Law, page 537 (1957), "The impossibility of one person forming a combination with himself is too obvious for discussion." We speak only of an *acquittal on the merits* of the only other *alleged* conspirator. If there be other conspirators, known or unknown, and this record reflects that there were, their existence must be *alleged in the specification* or the essential fact of agreement is missing and an accused cannot be convicted of conspiracy. United States v Nathan, supra. Likewise, the acquittal must be on the merits or under circumstances amounting to an acquittal. Any other disposition would obviate the application of the rule. United States v Kidd, supra. For an additional and enlarged discussion of this matter and the ramifications thereof, the interested reader is referred to the above-cited cases in this Court and the Federal precedents catalogued therein.

With reference to the fact that Fisher and West were charged with the commission of different overt acts to effect

the object of the conspiracy (larceny of forty-five water coolers), we call attention to our decision in United States v Kidd, supra, where this precise question was discussed and disposed of. Following the reasoning of the Supreme Court in Braverman v United States, 317 US 49, 87 L ed 23, 63 S Ct 99 (1942), we stated at page 190:

"... Even though the allegations charge different overt acts to different defendants, the question remains whether there was a single agreement to combine to commit all of the overt acts. If there is but one agreement to combine there is only one conspiracy even though there be many objects thereof."

In any event, since West was also acquitted of the wrongful appropriation of the truck, the overt act alleged to have been committed by him, and larceny of the water coolers, there remains only the single overt act charged against this accused.

Accordingly, the accused's conviction of conspiracy is reversed and the charge and its specification dismissed. Our action in no way affects the accused's conviction of the other charged offenses.

The decision of the board of review is reversed. The record of trial is returned to The Judge Advocate General of the Army for submission to a board of review. The sentence may be reassessed on the basis of the remaining offenses.

Chief Judge QUINN and Judge FERGUSON concur.