UNITED STATES, Appellee

v

LAWRENCE SMITH, JR., Private,
U. S. Army, Appellant

20 USCMA 589, 44 CMR 19

No. 23,686

June 18, 1971

*Captain Richard A. Cooper* argued the cause for Appellant, Accused. With him on the brief were *Colonel George J. McCartin, Jr., Captain*

*Ira J. Dembrow, Captain Kenneth A. Griffiths,* and *Captain Norman L. Blumenfeld.*

*Captain Charles T. Frew, III,* argued the cause for Appellee, United States. With him on the brief were *Colonel David T. Bryant, Lieutenant Colonel Ronald M. Holdaway,* and *Captain Richard L. Menson.*

## Opinion of the Court

QUINN, Chief Judge:

A military judge sitting as a general court-martial without court members convicted the accused of a number of offenses in violation of the Uniform Code of Military Justice, including three specifications of conspiracy to commit aggravated assault upon other soldiers. On this appeal, the accused contends that the latter findings of guilty are legally insupportable. His principal contention is that the acquittal of "the two alleged co-conspirators as a matter of law demands [his] acquittal."

The accused's trial was held in January 1970. In material part, each of the three conspiracy specifications, set out under Charge I, alleged that on October 12, 1969, the accused "did . . . conspire with Private Patrick L. Wilson and Private Edward B. Banks, to commit an offense under the Uniform Code of Military Justice, to wit: aggravated assault with a means likely to produce grievous bodily harm." Specification 1 alleged that the assault was to be committed on Private Don Hayes; the overt act was that the accused, Wilson, and Banks "did strike . . . Hayes in the face and on the head and body with a heavy wooden cane, combat boot, and wire coat hangers." Specification 2 specified Private Charles E. Carter as the victim, and the overt act was that the accused and the coconspirators "did strike . . . Carter in the face and on the head and body with a heavy wooden cane, combat boot, and wire coat hangers." Specification 3 named Corporal Carlos R. Bennett as the victim, and the overt act was similar in nature to that alleged as to Privates Hayes and Carter. During trial the offenses were apparently considered to be separately punishable, but in the post-trial advice, the staff judge advocate observed that

"[e]ssentially," the specifications alleged a single conspiracy "to commit aggravated assault upon three individuals." The United States Army Court of Military Review also concluded that "the evidence of record established only *one* conspiracy." That conclusion has substantial support in the evidence. Consequently, despite the form of pleading, we start with the fact that there was only a single agreement between the accused, Wilson, and Banks to assault Hayes, Carter, and Bennett. See United States v Fisher, 16 USCMA 78, 36 CMR 234 (1966).

A conviction for conspiracy requires proof of agreement between two or more persons to commit an unlawful act and the performance of an overt act in furtherance of the agreement. Article 81, Code, supra, 10 USC § 881. The evidence indicates that, besides the accused, Wilson, and Banks, about fifteen persons, many of whom were unknown, were probable parties to the agreement to assault Hayes, Carter, and Bennett. For reasons not apparent in the record, the Government elected to limit its allegation as to participation in the agreement to Wilson and Banks. We cannot enlarge the scope of the allegation. As we pointed out in United States v Fisher, supra, at page 79: "If there be other conspirators, known or unknown, and this record reflects that there were, their existence must be *alleged in the specification.*" Summarizing the effect of such restrictive pleading, the Manual for Courts-Martial comments as follows: "If after the trial and conviction of the accused *all the persons with whom he was alleged* to have conspired have been found not guilty, the conviction of the accused may not stand." (Emphasis supplied.) Manual for Courts-Martial, United States, 1969 (Revised edition), para-

590

graph 160, page 28–8; see also, United States v Fisher, supra; United States v Nathan, 12 USCMA 398, 30 CMR 398 (1961).

Testimony by the Article 32 investigating officer in connection with a defense motion to dismiss the charges indicates that, as a result of the events that led to the conspiracy charge against the accused, other persons acting with the accused were separately charged with various offenses. Banks and Wilson were so charged, and were separately tried. One of the charges against Wilson alleged that he and Banks conspired to commit aggravated assault on Carter; the alleged overt acts were that Wilson struck Carter in the face, and Banks hit him in the back with a heavy wooden cane. Wilson was tried on February 2, 1970, and was acquitted of this charge. Banks was also charged with multiple offenses. One specification alleged that he and Wilson conspired to commit aggravated assault on Hayes; the overt act was that he and Wilson struck Hayes in the face and on the head and body with a combat boot. Banks was also tried in February; he was acquitted of this specification.

Referring to the similarities between the conspiracy allegations in this case and those in the respective specifications lodged against Banks and Wilson, appellate defense counsel contend that the acquittal on the merits of Banks and Wilson leaves the accused without any coconspirator and requires that his conviction be set aside. United States v Nathan, supra. While it acknowledges the similarity of allegation, the Government disputes the defense conclusion by hypothesizing separate conspiracies. See Kotteakos v United States, 328 US 750, 90 L Ed 1557, 66 S Ct 1239 (1946). It notes that the accused was not named as a coconspirator in either the conspiracy alleged against Banks or in that against Wilson. It also points out that the alleged object of the conspiracy specified in the Banks specification was to assault Hayes, while the alleged object of the conspiracy charged to Wilson was to assault Carter. The fallacy in the Government's argument is that the accused stands convicted of conspiring with both Wilson and Banks, not with each separately.

Although the respective transcripts of the Banks and Wilson trials are not before us, it compellingly appears from the evidence in this case, including the testimony of the Article 32 officer and the allegations of the specifications of conspiracy lodged against Banks and Wilson, that if there were separate agreements between Banks and the accused and the accused and Wilson, as postulated by the Government, "they became parties to the larger common plan, joined together by their knowledge of its essential features and broad scope, though not of its exact limits, and by their common single goal." Blumenthal v United States, 332 US 539, 558, 92 L Ed 154, 68 S Ct 248 (1947), rehearing denied, 332 US 856, 92 L Ed 425, 68 S Ct 385 (1948). Since it compellingly appears that █ there was only one conspiracy, the separate judicial determinations that Banks and Wilson were not part of the conspiracy require that the accused's conviction for conspiring with Banks and Wilson be set aside, notwithstanding the difference in the allegation in each case as to the overt act in furtherance of the conspiracy. United States v Fisher, supra, at page 80.

The decision of the Court of Military Review as to the conspiracy charge (Charge I and its specifications) is reversed. The findings of guilty of Charge I and its specifications are set aside and the charge and its specifications are ordered dismissed. The record of trial is returned to the Judge Advocate General of the Army for submission to the Court of Military Review for reassessment of the sentence upon the basis of the remaining findings of guilty.

Judge DARDEN and Senior Judge FERGUSON concur.