UNITED STATES

v.

**Frederick P. WILES, Fireman Apprentice, U. S. Coast Guard.**

**CGCM 9946**
**Docket No. 805.**

U. S. Coast Guard Court of
Military Review.

Sentence Adjudged 23 July 1976.

Decided 28 Dec. 1977.

Appellate Defense Counsel: LT Michael
L. Kudalis, USCGR.

Appellate Government Counsel: LT Malcolm J. Williams, Jr., USCGR.

## OPINION OF THE COURT

ROSENWASSER, Chief Judge:

The case is before us a second time. Upon our initial review we affirmed the findings of guilty of cocaine possession and conspiracy, and the sentence, issuing an opinion reported in C.G.C.M.R., 3 M.J. 577. The accused did not have appellate representation.

After service of our decision upon him, the accused indicated that he wished to appeal, and appellate counsel was appointed to represent him. It then developed that the accused had not been advised of his rights to appellate representation before this court. On motion of the appellant, joined in by the government, the Court of Military Appeals vacated our initial decision and remanded the case "for review of such errors as may be raised by appellant and for such action thereon as may be deemed appropriate," and directed that appellate counsel be designated "to represent the parties in a new review." *United States v. Wiles*, C.M.A., 3 M.J. 380. See *United States v. Palenius*, 25 U.S.C.M.A. 222, 54 C.M.R. 549, 2 M.J. 86 (1977).

On 15 December 1977 we heard argument pertinent to the errors assigned by the appellant as follows:

    I. EACH SPECIFICATION FAILS
        TO ALLEGE AN OFFENSE.

II. THE EVIDENCE FAILED AS A MATTER OF LAW TO SUPPORT A CONVICTION FOR POSSESSION OF COCAINE.

III. THE FAILURE OF THE CROSS–EXAMINATION OF THE PROSECUTION WITNESS WHIPPLE TO RAISE EARLIER STATEMENTS WHICH WERE INDICATIVE OF THE WITNESS'S LACK OF CREDIBILITY WAS PREJUDICIAL TO THE DEFENDANT.

IV. OF THE INDIVIDUALS CHARGED WITH THE CONSPIRACY TO POSSESS COCAINE, ONLY THE APPELLANT NOW STANDS CONVICTED OF THAT CHARGE.

V. INADMISSIBLE EVIDENCE OF PRIOR PUNISHMENT UNDER ARTICLE 15, UCMJ WAS CONSIDERED BY THE COURT MEMBERS IN DETERMINING THE SENTENCE.

VI. STATEMENTS BY TRIAL COUNSEL DURING ARGUMENT ON SENTENCING WERE IMPERMISSIBLE.

With regard to the first assignment, we adhere to the view expressed in our earlier opinion; Judge Maguire adheres to his dissenting view.

With regard to the second assignment: we found the evidence sufficient upon our first review and continue to find it sufficient.

In our opinion assignments numbered III, V and VI lack substantial merit.

Under assignment number IV, appellant asks that the conviction of conspiracy upon a specification alleging that Wiles conspired with Petty Officer Mark J. Whipple, Seaman Kenny L. Courts, and Petty Officer Brian D. Giermek to possess cocaine be set aside, pointing out that "only the appellant now stands convicted of the charge." In support of this request, appellant quotes the following sentence from paragraph 160 MCM 1969, discussing the offense of conspiracy:

If after the trial and conviction of the accused all the persons with whom he was alleged to have conspired have been found not guilty, the conviction of the accused may not stand.

The sentence next following the quoted one reads:

The accused may properly be convicted of conspiracy, however, if the evidence establishes that a conspiracy existed between the accused and other alleged conspirators, named or described in the specification, who have not been and are not later tried and acquitted.

Two of the three alleged co-conspirators, Whipple and Courts, were found not guilty of conspiracy subsequent to Wiles' conviction. The remaining conspirator, Giermek, was found guilty, but on review by this court the finding of guilty was set aside and a rehearing ordered.[1] However, pursuant to the authority contained in Article 66(e) UCMJ, 10 U.S.C. § 866(e), the convening authority dismissed the charge, and no rehearing was held. Nevertheless Giermek is not a person "found not guilty" of the conspiracy. He remains an alleged conspirator who was "not later tried and acquitted." In court-martial law, as in the federal law, there must be an acquittal on the merits, and not a mere termination of the prosecution, in order to preclude considering a specified person as a co-conspirator. *United States v. Kidd*, 13 U.S.C.M.A. 184, 32 C.M.R. 184 (1962). See also *United States v. Fisher*, 16 U.S.C.M.A. 78, 36 C.M.R. 234 (1966); *United States v. Nathan*, 12 U.S.C.M.A. 398, 30 C.M.R. 398 (1961). The evidence in the instant record of trial abundantly supports a conclusion that Giermek and the appellant joined together in an illegal agreement. Accordingly the finding of guilty of conspiracy remains correct in law and fact.

The findings of guilty and the sentence as mitigated on review below are affirmed.

Judges LYNCH, BURGESS and ALCANTARA concur. Judge MAGUIRE dissents as indicated in *United States v. Wiles*, 3 M.J. 577 (C.G.C.M.R.1977).

---

1. See *United States v. Giermek*, 3 M.J. 1013 (C.G.C.M.R.1977).