UNITED STATES

v.

**Airman First Class Michael F. KONESKI, FR 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, United States Air Force.**

**ACM 22317.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 6 Oct. 1977.

Decided 1 March 1978.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Thomas S. Markiewicz.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Lt Colonel Michel Levant, USAFR.

Before EARLY, FORAY and HERMAN, Appellate Military Judges.

## DECISION

FORAY, Judge:

The accused was tried by general court-martial consisting of a military judge sitting alone and was convicted, contrary to his pleas, of the offenses of conspiracy to sell marihuana and methamphetamine hydrochloride and selling methamphetamine hydrochloride, in violation of Articles 81 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 892. In addition, he was convicted, in accordance with his pleas, of two offenses of selling marihuana, in violation of Article 134 of the Code. The approved sentence extends to a bad conduct discharge, confinement at hard labor for eight months, forfeiture of $150.00 per month for eight months, and reduction to the grade of airman basic.

Appellate defense counsel invite our attention to three claims of error submitted in a brief by trial defense counsel pursuant to Article 38(c), Code, supra. They also claim as error five rulings made by the military judge in response to motions to dismiss or for appropriate relief. We find that only two of the claimed errors warrant comment and the remainder we find to be without merit.

One of the claims of error we will discuss avers the court-martial improperly exercised jurisdiction over Specification 2, Charge I. This specification alleges the accused violated Article 134 of the Code by wrongfully selling marihuana, in conjunction with Senior Airman Donald N. Paisley, on 7 May 1977, at an off-base location in Dover, Delaware, approximately two miles from the limits of Dover Air Force Base.

The evidence offered at trial to set forth the circumstances of this offense took the form of a stipulation of fact. These facts were that on 6 May 1977, Gil B. Bellefeuille, an Office of Special Investigations (OSI) agent acting undercover, met with the accused in the latter's dormitory room at Dover Air Force Base and expressed an interest in purchasing one quarter of a pound of marihuana from the accused. Airman Paisley, the accused's roommate, was also present in the room at the time. The accused agreed to the sale and asked for the sum of $140.00 in payment. The accused then indicated that he would soon depart Dover Air Force Base for Philadelphia and requested Paisley to make the actual transfer of the marihuana to Bellefeuille. Paisley agreed and a 7 May meeting was arranged with Bellefeuille to occur at an off-base shopping mall in Dover. On the morning of 7 May, Paisley and Bellefeuille met in the former's dormitory room where they established the specific time for their meeting at the shopping mall. The planned meeting took place, Paisley transferred the marihuana to Bellefeuille, and Bellefeuille delivered the agreed purchase price to Paisley. These and other facts were also included in the accused's responses to questioning by the military judge concerning the providency of the accused's intended plea of guilty to the offense. *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

To determine whether the court-martial properly exercised jurisdiction over the questioned offense before us, we must examine the issue of service connection in accordance with the criteria established by the Supreme Court in *Relford v. Commandant,* 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971). See *Schlesinger v. Councilman,* 420 U.S. 738, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975); *United States v. Alef,* 3 M.J. 414 (1977); *United States v. Williams,* 25 U.S.C. M.A. 177, 54 C.M.R. 284, 2 M.J. 81 (1976);

*United States v. McCarthy,* 25 U.S.C.M.A. 30, 54 C.M.R. 30, 2 M.J. 26 (1976); *United States v. Hedlund,* 25 U.S.C.M.A. 1, 54 C.M.R. 1, 2 M.J. 11 (1976).

In *McCarthy, supra,* the accused contended on appeal that his conviction of an off-base drug offense was error as the offense was not service connected as the term was explained in *O'Callahan v. Parker,* 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969). The Court of Military Appeals rejected the accused's contention finding that four of the twelve criteria announced in *Relford,* by which service connection may be measured, weighed in favor of military jurisdiction over the offense. The Court emphasized that a thorough, detailed analysis of the *Relford* jurisdictional criteria is required to resolve service connection issues. The Court went on to say:

> The issue requires careful balancing of the *Relford* factors to determine "whether the military interest in deterring the offense is distinct from and greater than that of civilian society, and on whether the distinct military interest can be vindicated adequately in civilian courts." *Schlesinger v. Councilman,* 420 U.S. 738, 760, 95 S.Ct. 1300, 1314, 43 L.Ed.2d 591 (1975).

In the case before us the trial transcript shows that, while on the base, the accused acted in conjunction with Airman Paisley, in pursuance of a common intent, to sell marihuana to Special Agent Bellefeuille on 7 May 1977. Although the actual transfer of the marihuana by Paisley to Bellefeuille occurred off-base, all the negotiations leading to it took place on the military installation. Bellefeuille contacted the accused in the accused's dormitory room; he requested to purchase a specific quantity of marihuana from the accused while in the room; and he offered a specific price for the drug, also while in the room.[1] Even the arrangements to have Paisley make the later delivery of the marihuana to Bellefeuille and receive the payment from him were formulated in the on-base dormitory room.

The transcript further shows that while still in the dormitory room and after the meeting between the accused and Bellefeuille had ended, the accused delivered the precise quantity of marihuana to Paisley for the later delivery to Bellefeuille. The $140.00 which Paisley received from Bellefeuille for the drug sale was delivered to the possession of the accused in his dormitory room.

Our examination of the *Relford* criteria compels us to conclude that three factors weigh heavily in favor of military jurisdiction in this instance and are sufficient to vest the court-martial with jurisdiction over the drug sale offense alleged in Specification 2, Charge I. These factors are:

1. The formation of the criminal intent on base.
2. The flouting of military authority.
3. The threat posed to military personnel, and hence the military community.

We find the military interest in deterring the off-base drug sale offense is pervasive. Accordingly, we find this assignment also to be without merit.

We now turn our attention to the remaining assignment of error which warrants our comments. Here, the appellant claims, in substance, that the finding of guilty of Additional Charge I is "erroneous as a matter of law."

Additional Charge I alleges the accused violated Article 81 of the Code by conspiring with Airman Paisley, on 29 March 1977, to commit offenses under the Code, to wit: wrongful sales of marihuana and methamphetamine hydrochloride to persons on or near Dover Air Force Base. The overt acts alleged in the specification were that the accused and Paisley wrongfully sold marihuana on 6 April and 7 May 1977 and methamphetamine hydrochloride on 29 March 1977.

---

1. The negotiations for and the sale of marihuana between the accused and Special Agent Bellefeuille on 6 April 1977, also occurred in the accused's dormitory room at Dover Air Force Base.

Appellant's claim of error regarding this offense is bifurcated. First, he claims the evidence produced at trial failed to show beyond a reasonable doubt that the accused conspired with Paisley to sell methamphetamine hydrochloride. Next, he claims that since Paisley had been tried separately for the same conspiracy offense and was found not guilty of that part of the offense alleging conspiracy to sell marihuana,[2] his conviction of that part of the offense cannot stand. If we find that these two parts of the claimed error exist, then we may not affirm the conviction.

■ Our review of the evidence introduced at trial convinces us beyond reasonable doubt that the accused is guilty of that part of the offense alleging he conspired with Paisley to sell methamphetamine hydrochloride. Accordingly, we find this aspect of appellant's claim of error to be without merit.

■ The record of trial in the general court-martial case of United States v. Senior Airman Donald N. Paisley, is before this Court for review.[3] We may properly notice judicially, for an appropriate purpose, our own records in cases other than the one presently under consideration. United States v. Moore, 9 U.S.C.M.A. 284, 26 C.M.R. 64 (1958); United States v. Lovett, 7 U.S.C.M.A. 704, 23 C.M.R. 168 (1957); Manual for Courts-Martial, 1969 (Rev.), paragraph 147a. Therefore, we have taken judicial notice of the record of trial and contents in Paisley's case and we find that Paisley was charged with the same offense of conspiracy as was the accused in Additional Charge I before us. From that record we also note that Paisley, by exceptions, was found guilty of conspiring with the accused to sell methamphetamine hydrochloride and not guilty of conspiring with him to sell marihuana.

■ The successful prosecution of a conspiracy offense requires proof of an agreement between two or more persons to commit an unlawful act and the doing of an act by one or more of the conspirators in furtherance of the agreement. United States v. Smith, 20 U.S.C.M.A. 589, 44 C.M.R. 19 (1971); Article 81, Code, supra; Manual for Courts-Martial, supra, paragraph 160. Since the core of the offense is the illegal agreement, it is clear that one person cannot conspire with himself. United States v. Kidd, 13 U.S.C.M.A. 184, 32 C.M.R. 184 (1962); United States v. Nathan, 12 U.S.C.M.A. 398, 30 C.M.R. 398 (1961). Thus the principle is that if all the persons alleged to have conspired with an accused have been tried and found not guilty of that conspiracy, then the accused cannot properly be convicted of the same offense. Likewise, if the accused is first convicted of a conspiracy and all his alleged co-conspirators are later tried and found not guilty of the same offense, then the accused's conviction may not stand. United States v. Fisher, 16 U.S.C.M.A. 78, 36 C.M.R. 234 (1966); United States v. Nathan, supra; United States v. Kidd, supra; Manual for Courts-Martial, supra, paragraph 160.

Since Paisley was subsequently found not guilty of that part of the conspiracy offense alleging he conspired with the accused to sell marihuana then the accused's conviction of that part of the same offense may not stand. Accordingly, so much of the finding of guilty of Additional Charge I and its specification as finds the accused did, at the time and place alleged, conspire with Paisley to commit the offense of selling marihuana, is incorrect in law and fact and is set aside.

■ Reassessing the sentence based on the remaining valid findings of guilty, we find appropriate only so much of the sentence as provides for bad conduct discharge,

2. The date of the accused's trial was 6 October 1977. Airman Paisley was tried by general court-martial on 12, 13 and 14 October 1977. The convening authority took action in both of the cases on 3 December 1977.

3. The approved sentence extended to bad conduct discharge, confinement at hard labor for six months, forfeiture of all pay and allowances, and reduction to the grade of airman basic. See Article 66(b), Uniform Code of Military Justice.

confinement at hard labor for six months, forfeiture of $150.00 per month for six months, and reduction to the grade of airman basic.[4]

The findings of guilty and the sentence, both as modified herein are

AFFIRMED.

EARLY, Chief Judge, and HERMAN, Judge, concur.

---

4. At trial, the military judge held the maximum punishment to confinement for the conspiracy offense to be seven years, considering the conspiracy to sell marihuana to be separately punishable with the conspiracy to sell methamphetamine hydrochloride. This was error, as it is only the single agreement—the partnership in crime—that is punishable even though two different Articles of the Code were violated by the agreement. *United States v. Crusoe,* 3 U.S. C.M.A. 793, 14 C.M.R. 211 (1954); *United States v. Kauffman,* 33 C.M.R. 748 (A.F.B.R. 1963), aff'd and rev'd in part, 14 U.S.C.M.A. 283, 34 C.M.R. 63 (1963).