UNITED STATES

v.

**Airman Shahin REZAZADEH, FR 483–94–5466 United States Air Force.**

ACM 23848.

U.S. Air Force Court of Military Review.

Sentence Adjudged 29 Dec. 1982.

Decided 6 July 1983.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Andrew J. Adams, Jr.

Before HODGSON, HEMINGWAY and MILLER, Appellate Military Judges.

MILLER, Judge:

The accused was convicted of wrongfully possessing marihuana in violation of U.C.M.J., Article 134, 10 U.S.C. § 934, and of disobeying a general regulation by possessing Lysergic Acid Diethylamide (L.S.D.) with the intent to distribute in violation of U.C.M.J., Article 92, 10 U.S.C. § 892. Over defense objection, the military judge treated these two offenses separately for sentencing purposes, thereby setting the boundaries of a maximum imposable punishment at a dishonorable discharge, confinement at hard labor for four years, forfeiture of all pay and allowances and reduction to airman basic. The accused's approved sentence now stands at a dishonorable discharge, confinement at hard labor for 30 months, forfeiture of all pay and allowances and reduction to airman basic.

After carefully examining the peculiar method in which the possession with intent to distribute offense was alleged in this case, we have determined that the two offenses should in fact have been treated as multiplicious for sentencing purposes.

Rather than being charged with possessing L.S.D. with the intent to distribute under Article 134 (an offense which properly contains an "intent to distribute" as one of its elements), the accused was charged simply with violating a paragraph of a general regulation * that proscribes the identical simple possession of a drug (an offense

---

* The accused, here, was charged with violation of Air Force Regulation 30–2, Social Actions, Paragraph 3–4, dated 22 June 1981, which provides in pertinent part:

which does not require proof of any "intent to distribute") as did the Article 134 marihuana offense with which he was charged. By so charging this offense, the Government clearly relegated the words "with the intent to distribute," to the status of superfluous language. Although perhaps adding a degree of aggravation to the conduct alleged, proof of the matter alleged by these additional words was clearly irrelevant to the accused's conviction under this charge.

■ When an accused is charged simply with simultaneous "possession" of two or more different drugs, specifications separately alleging these various drugs must be treated as multiplicious for sentencing purposes. *United States v. Griffin*, 8 M.J. 66, 70 (C.M.A.1979); *United States v. Hughes*, 1 M.J. 346, 349 (C.M.A.1975).

Having reassessed the accused's sentence in light of the multiplicious nature of his offenses, we find appropriate only so much of his sentence as provides for a bad conduct discharge, 18 months confinement at hard labor, forfeiture of all pay and allowances, and reduction to airman basic.

The findings and the sentence, as modified, are

AFFIRMED.

HODGSON, Chief Judge, and HEMINGWAY, Senior Judge, concur.

3–4. *Using, Possessing, Selling, Transferring, and Introducing Drugs:*
a. Air Force military members ... must not use, possess, sell, transfer, or introduce into a military unit, base, station, post, ship, or aircraft any dangerous drugs (including nonnarcotic drugs)...