## UNITED STATES

### v.

**Sergeant Rodney L. GRUBB, FR360–56–7940, United States Air Force.**

### ACM 29272.

U.S. Air Force Court of Military Review.

Sentence Adjudged 22 March 1991.

Decided 20 Dec. 1991.

---

2. *See* I Henry IV, Act V, Scene 4, Line 120.

Appellate Counsel for the Appellant: Colonel Jeffrey R. Owens and Captain Beverly B. Knott.

Appellate Counsel for the United States: Lieutenant Colonel Brenda J. Hollis, Major Kingston E. Smith, and Captain James C. Sinwell.

Before LEONARD, RIVES and JAMES, Appellate Military Judges.

## OPINION OF THE COURT

LEONARD, Senior Judge:

Appellant asks us to find multiplicious for sentencing two conspiracy offenses and

two illegal drug distribution offenses. We find the two conspiracy offenses multiplicious for findings, but decline to find the distribution offenses multiplicious. We also modify one of appellant's findings of guilt to conform with his guilty plea.

A military judge found appellant guilty of conspiring on divers occasions to distribute marijuana, conspiring to distribute lysergic acid diethylamide (LSD),[1] divers uses of marijuana, divers distributions of marijuana, and divers distributions of LSD. She sentenced him to a dishonorable discharge, confinement for 5 years, total forfeitures, and reduction to E–1. The convening authority approved the adjudged sentence.

### Multiplicity of Conspiracy Offenses

The government charged appellant with divers conspiracies to distribute marijuana and with another conspiracy to distribute LSD. At trial, appellant submitted a motion for the military judge to find his two conspiracy offenses multiplicious for sentencing. The military judge denied the motion. Appellant asserts that he engaged in a single continuing conspiracy to distribute illegal drugs. He asks us to find the military judge's ruling to be error.

### Facts

Appellant's conspiracy began shortly after he became involved with William Vanous. According to appellant's responses during his guilty plea inquiry, he met Vanous at the Sportsman's Lounge in Clovis, New Mexico in October or November of 1989. Vanous invited appellant to his home to play poker and smoke marijuana. Early in their acquaintance, appellant saw Vanous sell some marijuana and asked him if he needed a "silent partner" to loan him money to buy drugs. Vanous and appellant then agreed that appellant would provide Vanous money to buy illicit drugs and split the profit from the sales.

At first, Vanous only dealt in marijuana and he used the money appellant provided to buy marijuana for resale. When Vanous expanded his product line to include LSD, appellant continued to provide him money to purchase both LSD and marijuana. Appellant accompanied Vanous on one delivery and loaned Vanous his truck once to pick up some marijuana. Other than these two occasions, appellant participated only by providing the money and sharing in the profits. Appellant did not know the number of separate transactions financed with his money or the exact amounts of drugs involved.

At one point during the guilty plea inquiry, the military judge inquired about the number of agreements between appellant and Vanous. She asked:

MJ: Okay. It did occur ... was there more than one agreement? Are you looking at it every time you give him money as an agreement?

ACC: Yes.

However, this portion of the inquiry was clearly inconsistent with prior and subsequent inquiries by the military judge and the stipulation of fact. At two points during the inquiry, the military judge specifically stated the terms of the conspiracy to appellant for his concurrence:

MJ: Okay. So you agreed with him then to do what? To give him money and. . . .

ACC: Yes ma'am

MJ: You knew that he was gonna take this money and buy drugs and sell it and you would split the profit.

ACC: Yes ma'am

 * * * * * *

MJ: And you were aware and I guess it was part of the agreement basically that he would use your money to buy the marijuana and LSD and then you'd sell it, or I guess he would sell it.

ACC: He would sell it.

---

1. Specification 1 of the Article 81, UCMJ 10 U.S.C. § 881 conspiracy charge alleged that appellant conspired with William W. Vanous, III, on divers occasions between 15 March 1990 and 25 July 1990, at or near Clovis, New Mexico, to commit the offense of wrongful distribution of marijuana. Specification 2 alleged that he conspired with Vanous between 15 March 1990 and 20 June 1990, at or near Clovis, New Mexico, to commit the offense of wrongful distribution of lysergic acid diethylamide.

MJ: And then you would split the profits.

ACC: Yes.

The stipulation of fact closely paralleled appellant's guilty plea inquiry. It showed the agreement originally began with appellant agreeing to be Vanous' silent partner in buying and selling drugs. At first, Vanous used appellant's money to buy and sell marijuana. However, at some point, Vanous traded some of the partnership's marijuana for LSD and from then on the partnership bought and sold both marijuana and LSD. No facts presented support a renegotiation of the agreement or the ending of one agreement and the beginning of another when Vanous began buying and selling LSD.

### Analysis and Law

 At trial and before us, appellant only raised the issue of multiplicity for sentencing; however, after reviewing the law and facts, we find his conspiracy offenses multiplicious for findings. Unreasonable multiplication of charges may infringe on an accused's right to a fair trial or raise constitutional questions concerning double jeopardy and due process. *United States v. Baker*, 14 M.J. 361, 364 n. 1 (C.M.A.1983); *United States v. Sturdivant*, 13 M.J. 323 (C.M.A.1982); Article 44, UCMJ 10 U.S.C. § 844; Article 56, UCMJ 10 U.S.C. § 856; R.C.M. 910(j). Therefore, appellant's failure to raise multiplicity for findings did not waive this issue and prevent our consideration of it. *United States v. Holt*, 16 M.J. 393 (C.M.A.1983); *United States v. Jones*, 31 M.J. 906 (A.F.C.M.R. 1990).

 Analysis of multiplicity questions involves a series of tests derived from case law and the Manual for Courts–Martial. First, we must determine whether the charged offenses are based on "what is substantially one transaction." *Baker*, 14 M.J. at 366; R.C.M. 307(c)(4) Discussion. A "transaction" generally means "a series of occurrences or an aggregate of acts which are logically related to a single course of criminal conduct." *Baker*, 14 M.J. at 366; *United States v. Crowe*, 30 M.J. 1144, 1145 (A.F.C.M.R.1990).

 Applying this test, we find that both of appellant's conspiracy convictions were part of one transaction. Appellant and Vanous entered into a conspiracy to pursue a single course of criminal conduct—to buy and resell illegal drugs. The individual acts both parties engaged in under this agreement were "a series of occurrences ... logically related" to this course of criminal conduct. These acts also comprised the overt acts necessary to prove a conspiracy not a series of separate conspiracies. MCM, Part IV, paragraph 5b(2) (1984).

The second step in our multiplicity analysis is to decide whether alleging appellant's conspiracy as two offenses constituted an "unreasonable multiplication of charges." *Baker*, 14 M.J. at 366; R.C.M. 307(c)(4) Discussion. *Baker* listed three examples of "multiplication of charges:"

First, it occurs where the offenses charged stand in the relationship of greater and lesser offenses.

Second, it occurs where the charges alleged as a matter of fact are parts of an indivisible crime as a matter of civilian or military law.

Third, it exists where both charged offenses are different aspects of a continuous course of conduct prohibited by one statutory provision.

14 M.J. at 366.

Although *Baker* was decided before promulgation of the Manual for Courts–Martial 1984, the case still applies today. *United States v. Jones*, 23 M.J. 301, 303 (C.M.A.1987). An unreasonable multiplication of charges arising out of a single transaction test continues as the primary test for multiplicity. *Jones*, 23 M.J. at 303; R.C.M. 307(c)(4) Discussion. The three examples of multiplication of charges listed in *Baker* continue in the Discussion of R.C.M. 907(b)(3)(B).

Appellant's conspiracy offenses constitute multiplicious charges under two of the examples in *Baker* and the R.C.M. 907(b)(3)(B) Discussion. First, the conspiracy charges alleged were parts of an indivisible crime as a matter of military law. Second, the charged offenses were merely

different aspects of a continuous course of conduct prohibited by one statutory provision.

■ At the core of the offense of conspiracy is the illegal agreement. *United States v. Koneski,* 4 M.J. 911, 914 (A.F.C.M.R.), *aff'd,* 6 M.J. 13 (C.M.A.1978). It is this agreement or partnership in crime that is punishable by the offense of conspiracy, not each separate violation of an article of the Code that occurs during the agreement. *United States v. Crusoe,* 3 U.S.C.M.A. 793, 14 C.M.R. 211 (1954); *Koneski,* 4 M.J. at 915 n. 4. "An agreement to commit several offenses is ordinarily but a single conspiracy." MCM, Part IV, paragraph 5c(3) (1984).

The facts brought forth during appellant's guilty plea inquiry and in the stipulation of fact show a continuous "partnership in crime" by Vanous and appellant to buy and sell drugs and split the profits. The evidence does not support a series of separate conspiracies beginning and ending with each drug transaction. Nor does it support a new, separate conspiracy beginning when Vanous traded some of the partnership's marijuana for LSD. Rather, the evidence only shows one continuous agreement to provide money to buy drugs and ·split the profits.

Therefore, we find the charged offenses were merely different aspects of a continuous course of conduct and were parts of an indivisible crime as a matter of military law. Consequently, appellant's convictions for conspiracy are multiplicious for findings and one conviction must be set aside. Further, appellant's conviction for "divers" conspiracies to distribute marijuana is not supported by the evidence presented at his trial and a corrected finding is required.

Multiplicity of the Distribution Offenses

Appellant also argues that his convictions for wrongful distribution of marijuana and wrongful distribution of LSD are multiplicious for sentencing. He contends that the evidence does not establish any distribution of LSD separate and apart from a distribution of marijuana and that simultaneous distribution of marijuana and LSD should be multiplicious for sentencing.

In support of this conclusion, appellant relies upon cases by this Court finding simultaneous offenses involving the same drug or simultaneous possession of two different drugs multiplicious for sentencing. *See United States v. Wheatcraft,* 23 M.J. 687 (A.F.C.M.R.1986); *United States v. Rezazadeh,* 16 M.J. 641 (A.F.C.M.R.1983).

■ Appellant's separate convictions for distribution of LSD and distribution of marijuana resulted from appellant being a principal to distributions of these drugs by Vanous. Conspiracy and the substantive offenses that are the object of the conspiracy are separate offenses and the conspirators may be convicted of and punished for both. *United States v. Washington,* 1 M.J. 473 (C.M.A.1976); MCM, Part IV, paragraph 1b (1984). The military judge correctly explained to appellant a conspirator's criminal responsibility for the offenses committed during the conspiracy.

■ Both the stipulation of fact and appellant's responses during his guilty plea inquiry show Vanous' first use of appellant's money was to finance a distribution of marijuana. No distribution of LSD occurred using this money. The stipulation of fact shows at least one other occasion when money provided by appellant financed only a distribution of marijuana. Later in the conspiracy, the transactions became entwined and the evidence does not differentiate clearly between joint distributions of marijuana and LSD and single distributions of one or the other.

Applying the law of multiplicity to appellant's distribution offenses, we find no multiplicity. Contrary to appellant's representations, the evidence does not show all the marijuana distributions charged in the marijuana distribution offense were simultaneous with distributions of LSD. It is clear that some of the marijuana distributions occurred at different times and with different financing than the LSD distributions. These marijuana distributions were not based on the same act or transaction as a LSD distribution offense. *Baker,* 14 M.J. at 369; R.C.M. 1003(c)(1)(C) Discussion.

Since we find the offenses in question do not arise from the same act or transaction, no further multiplicity inquiry is required. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932); *United States v. Zubko*, 18 M.J. 378, 382 (C.M.A.1984). Offenses that are not part of the same act or transaction are not multiplicious for findings or sentencing. *Id.*

### Conclusion

Our analysis found appellant's conspiracy offenses multiplicious for both findings and sentencing. It also found insufficient evidence to uphold appellant's conviction for "divers" conspiracies to distribute marijuana. We will remedy these errors by consolidating and approving only a portion of appellant's convictions for conspiracy. We disapprove and set aside appellant's finding of guilt to specification 2 of Charge I and consolidate that offense into specification 1 of Charge I. We approve appellant's finding of guilt to specification 1 of Charge I excepting the words "on divers occasions" and "an" before the word "offense" and adding an "s" to the word "offense" and adding the words "and lysergic acid diethylamide" after the word "marijuana" at both places it appears in that specification.[2] We approve the remainder of appellant's findings of guilt.

Having found error with respect to appellant's findings, we must determine the impact, if any, this error had upon his sentence. At trial, the military judge found appellant's maximum sentence to include 62 years of confinement. Our action on appellant's findings reduces his maximum confinement to 47 years. Because of this significant difference in maximum confinement, we believe some reassessment of appellant's sentence is in order. In making this reassessment, we must determine the sentence the military judge would have adjudged absent the error. *United States v.*

*Peoples*, 29 M.J. 426 (C.M.A.1990). Considering only evidence properly before the military judge at trial, we reassess appellant's sentence and approve only a sentence of a dishonorable discharge, confinement for 4 years, total forfeiture of pay and allowances, and reduction to E–1. After completing our reassessment, we further find this reassessed sentence to be appropriate. Article 66(c), UCMJ, 10 U.S.C. § 866(c).

The findings, as modified and the sentence, as reassessed, are

AFFIRMED.

Judges RIVES and JAMES concur.

---

**2.** The consolidated specification approved reads: In that SERGEANT RODNEY LEE GRUBB, United States Air Force, 27th Supply Squadron, (TAC), did, at or near Clovis, New Mexico, between on or about 15 March 1990 and on or about 25 July 1990, conspire with William W. Vanous, III, to commit offenses under the Uniform Code of Military Justice, to wit: wrongful distribution of marijuana and lysergic acid diethylamide and in order to effect the object of the conspiracy Sergeant Rodney Lee Grubb and William W. Vanous, III, did purchase and sell marijuana and lysergic acid diethylamide.